IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT FENNELL,
    Plaintiff,
    v.
CORRECTIONS OFFICERS HALE,
CASHOFF, LEVERKNIGHT, and JOHN
DOEs No. 1-No. 5.,
    Defendants

Case No. 3:12-cv-21-KRG-KAP

## Report and Recommendation

## Order and Recommendation

Plaintiff Fennell, now an inmate at S.C.I. Smithfield, filed a civil complaint against employees at the Cambria County Prison. Having screened plaintiff's complaint pursuant to 28 U.S.C.§ 1915A, I order the complaint served in part and recommend the complaint be dismissed in part. Plaintiff's motion to proceed in forma pauperis, docket no. 4, is granted pursuant to the Prison Litigation Reform Act. In accordance with 28 U.S.C.§ 1915(b)(1), the inmate account officer at S.C.I. Smithfield or any other institution where plaintiff may be incarcerated shall forward to the Clerk of the United States District Court for the Western District of Pennsylvania twenty percent of the average monthly deposits to the plaintiff's inmate account, or twenty percent of the average balance of plaintiff's inmate account, for the last six months, whichever is less; and in accordance with 28 U.S.C.§ 1915(b)(2), the inmate account officer shall begin immediately to deduct from plaintiff's inmate account twenty percent (20%) of each item of income on the date received, accrue these items and forward one payment per month of the amount accrued to the Clerk, whenever

the amount in plaintiff's account exceeds $10.00, until the entire filing fee of $350.00 has been paid, regardless of any dismissal of the complaint.

When plaintiff has provided copies of the complaint and instructions for service on defendants Hale (or Hall), Leverknight, and Cashoff, the Clerk shall forward the complaint, requests for waiver of summonses, and instructions for service to the United States Marshal. The Marshal shall send these defendants the complaint and requests for waiver of summonses to defendants, costs to be advanced by the United States. The defendants are requested to waive service under Fed.R.Civ.P. 4(d).

Report

Plaintiff Fennell alleges that while he was at the Cambria County Prison, some time after October 29, 2010, he was assaulted by corrections officers Leverknight and Hale, and then excessive force was used against him by corrections officers Cashoff and Hale (or Hall). Other corrections officers participated but Fennell does not know their names.

Fennell also attempts to name the Borough (not city) of Ebensburg as a defendant on the supposition that the borough is legally connected with the defendant corrections officers. It is not. Fennell's other attempts to assign liability to other defendants (the City of Philadelphia is named for no apparent reason, and so is the Cambria County Prison, which is a building,

not a legal entity) who did not participate in the alleged assaults are similarly flawed. All defendants other than the three named corrections officers and the John Doe corrections officers (when plaintiff has identified them) should be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation. Under <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103 (3d Cir.2002), plaintiff is given leave to amend his complaint within the same time.

DATE: March 22, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

    Robert Fennell GW-0392
    S.C.I. Smithfield
    P.O. Box 999
    Huntingdon, PA 16652

    Inmate Account Officer
    S.C.I. Smithfield
    P.O. Box 999
    Huntingdon, PA 16652