IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT FENNELL,
   Plaintiff,
  v.        Case No. 3:12-cv-21-KRG-KAP
CORRECTIONS OFFICERS HALE and
LEVERKNIGHT,
   Defendants

Report and Recommendation

Order and Recommendation

  There is a pending motion for summary judgment. docket no. 35. It should be granted in part and denied in part. There are pending motions at docket no. 41, docket no. 51, and docket no. 53. They are denied.

Report

  Plaintiff Fennell, an inmate at S.C.I. Smithfield, filed a civil complaint in March 2012 alleging that after having been temporarily transferred from S.C.I. Houtzdale to the Cambria County Prison on October 29, 2010, he was subjected to a violation of the Eighth Amendment's prohibition of cruel and unusual punishment when corrections officers Leverknight and Hale assaulted him. The complaint, docket no. 6, alleged a variety of other claims against defendants who do not exist (the City of Ebensburg, Ebensburg Department of Corrections, corrections officer Cashoff) or who bore no relation to the allegations of the complaint (City of Philadelphia), and claims which were legally frivolous (malicious prosecution, false arrest and false imprisonment).

I ordered service of the complaint on defendants Cashoff, Hale, and Leverknight, and recommended that the complaint be dismissed as to the other defendants except for unknown officers named as John Doe defendants who allegedly participated in the assault on Fennell. docket no. 5. No one filed objections, and despite invitation plaintiff did not amend his complaint.

Counsel appeared for defendants Hale and Leverknight and I issued a discovery schedule. docket no. 20. Defendant Cashoff was not served, and defendants' counsel averred there was no corrections officers named Cashoff. I recommended that Cashoff be dismissed. docket no. 30. No one filed objections. Defendants Hale and Leverknight filed a timely motion for summary judgment, docket no. 35, Brief, docket no. 36, Statement of Material Facts, docket no. 37, Appendix, docket no. 38, raising two grounds: 1) Fennell failed to exhaust his administrative remedies before filing his complaint, and 2) there indisputably was no excessive use of force against Fennell. The second defense was supported by a video of the area of the Cambria County Prison where the alleged assault took place.

Plaintiff Fennell filed a "Motion for a Hearing on Spoliation of Evidence D[ue] to the Code of Silence," docket no. 41, claiming that the video submitted by defendants had been altered and the sound deleted. Fennell responded to the motion for summary judgment, docket no. 42-46, and several weeks later filed

a motion to compel discovery, docket no. 51, averring that defense counsel breached an agreement to provide him with the personnel files of 12 individuals in the area of the prison on October 29, 2010, and an internal investigative report. Fennell also filed a "Motion For Suppression of Evidence By Way Of Un-Authenticated Edited Video," docket no. 53, again claiming that the defendants' video was not an accurate depiction of events and that either he should be given the "original" video or the "edited version" suppressed.

Plaintiff also sent what purported to be a subpoena from this court (stamped with a facsimile of the signature of the Clerk of the United States District Court for the Eastern District of Pennsylvania) directly to the Cambria County Prison seeking production of any reports of any internal investigation of the events of October 29, 2010. See docket no. 54.

Plaintiff's motions are denied, and his subpoena quashed. His motions seeking a hearing about and suppression of the video present the not-uncommon but meritless objection that unfavorable evidence is falsified evidence. An unsupported self-serving claim that the opposing party's evidence is fabricated is no basis for a hearing or for any other relief. If plaintiff submitted evidence that would justify a suspicion that the video were altered a hearing would be appropriate, but there is no such evidence in the record.

Plaintiff's motion to compel was filed well after discovery closed and could be denied on that ground alone; Fennel provides nothing to support his claim that defense counsel promised to give him personnel files and investigative reports.

After discovery, Fennell has not identified any of the alleged John Doe officers. Plaintiff's grievances consistently refer to Cashoff, Hale, and Leverknight, or "several" or "to" [two] officers who allegedly assaulted him, and it is reasonable to infer that when Fennell wrote "t[w]o co's" he meant defendants Hale and Leverknight. No formal action needs to be taken to dismiss the John Doe defendants. The Court should formally dismiss the other defendants previously recommended dismissed from this matter.

Defendants Hale and Leverknight assert that the complaint should be dismissed in its entirety for lack of exhaustion. No affiant asserts that the prison did not receive a grievance from Fennell, and Fennell avers, with exhibits in support, docket no. 45, Exhibit A, that he did send one if not two grievances to Cambria County Prison from S.C.I. Houtzdale on the only forms available to him at Houtzdale, dated October 29, 2010, and processed by the Houtzdale mailroom no later than November 4, 2010. Additionally, on December 10, 2010, Fennell received a response from the warden at Houtzdale advising that the Pennsylvania Department of Corrections' Office of Special Investigations and Intelligence had investigated his allegation of abuse and found it

unsubstantiated "and no further action will be taken." A November 20, 2010 response to a grievance further advises Fennell that his "complaint" had been forwarded to the "accused county security office" as well as to OSII. Given this record, defendants cannot show that Fennell did not exhaust (or more precisely, make an attempt to exhaust that was unsuccessful through no fault of his) his administrative remedies.

The papers Fennell submits in support of his claim that he filed a grievance about Hale and Leverknight also make it clear that the only issue grieved was the alleged assault by the corrections officers that he identifies in his complaint as defendants Hale and Leverknight. In the course of this litigation Fennell's account has evolved to add allegations that after being assaulted he was stripped, anally penetrated by some unknown person, and denied medical care. What he asserts in his grievance claims none of that. One of the reasons for requiring the exhaustion of administrative remedies is to put the prison on notice of the conduct complained of. Fennell's grievances do not give defendants or any other person fair notice of any claim except a claim of the excessive use of force by the two defendant officers. If the matter proceeds to trial Fennell cannot attempt a *de facto* amendment of the complaint after the statute of limitations has expired, making claims never mentioned in any grievance.

The defendants' motion asserts as defendants' principal defense that the video of the alleged assault shows no excessive use of force. Despite my best efforts, and an appeal to our IT office, the format of the video is not compatible with my computer and I cannot view it. Plaintiff obviously has been able to view the video, because he offers his contrary interpretation of it. I am at this point unable to evaluate either viewpoint, or make a recommendation on the basis of the video. Counsel for defendant is welcome to send me the video in a compatible format or arrange a time with my deputy clerk for me to view it on the prison's video system. I will then supplement this Report and Recommendation.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: June 28, 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Robert Fennell GW-0392
S.C.I. Smithfield
P.O. Box 999
Huntingdon, PA 16652