IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT FENNELL,
            Plaintiff,
      v.                                    : Case No. 3:12-cv-21-KRG-KAP
CORRECTIONS OFFICERS HALE and
LEVERKNIGHT,
            Defendants

<u>Supplemental Report and Recommendation</u>

<u>Recommendation</u>

After viewing an exhibit provided by defendants I recommend the remaining portion of the defendants' motion for summary judgment at docket no. 35 be granted.

<u>Report</u>

As the Court is aware from my Report and Recommendation at docket no. 57, I recommended summary judgment be denied on the claim by plaintiff Robert Fennell that defendants used excessive force against him because I could not view the video of the incident supplied by defendants. Shortly thereafter, counsel for defendant dropped off a laptop with compatible software and I was able to view the DVD. The recording contains no audio portion, but at the crucial moment when the excessive use of force is alleged to have occurred it appears that a discussion or argument is going on between plaintiff Fennell and one of the defendant officers, allegedly Hale, in a large open area that contains what appears to be an institutional grade metal and particle board office desk. After a gesture by Fennell, who is not secured in restraints, Hale appears to be attempting to move Fennell backward and grasp him

with his hands. Defendants described this in their brief as an attempt to restrain a resisting Fennell. In the absence of audio and from the perspective of the video camera which is considerably above Fennell and Hale, I cannot tell what triggered Hale's action or what Fennell's gesture meant. Regardless, in response to Hale's approach Fennell crouches lower and widens his stance, and the interaction between Hale and Fennell looks for a fraction of a section almost like a football blocking drill. Fennell then falls over backward and is partially obscured by the desk, with Hale on top or alongside of him. There are no punches or kicks being thrown by anyone. Additional officers enter the area (defendants allege that this was in response to a call by Leverknight) and after a short amount of time (about a minute) with no action more significant than what I would describe as a minimal amount of "wriggling" by Fennell, Fennell is cuffed, brought to his feet, and then walked over to face a nearby wall with an officer nearby. He appears to be in no distress at all. Later in the video Fennell is shown in a different location, in restraints and obviously waiting transportation. A female nurse looks Fennell over and Fennell again appears to be in no obvious distress, although as he walks out of the camera Fennell is apparently favoring his right leg.

In <u>Wilkins v. Gaddy</u>, 559 U.S. 34 (2010), the Supreme Court reviewed the complaint of Wilkins, an inmate in North

2

Carolina's state prison system, who alleged that when he asked corrections officer Gaddy for a grievance form, Gaddy punched, kicked, kneed, and choked Wilkins, causing him a bruised heel, lower back pain, increased blood pressure, migraine headaches and dizziness, depression, panic attacks, and nightmares. The Fourth Circuit had dismissed the complaint for lack of injury to Wilkins, but the Supreme Court reversed with the admonition that the correct focus in Eighth Amendment cases is on the severity of the use of force, not the extent of injury. Wilkins v. Gaddy, 559 U.S. at 37-38. See also Smith v. Mensinger, 293 F.3d 641 (3d Cir.2002). As Wilkins v. Gaddy and Smith v. Mensinger hold, the extent of injury allegedly suffered is one factor that objectively indicates how much force was applied, and that evidence may suggest whether the use of force could plausibly be regarded as either unnecessary or excessive. Wilkins v. Gaddy, 559 U.S. at 37-38, quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992). See also Smith v. Mensinger, 293 F.3d at 648-49, quoting Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir.2000)(factors to be considered include the need for use of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the threat to staff and other inmates perceived by the corrections officers, and any efforts made to temper the severity of the force used).

The other relevant explanation by the Supreme Court of the Eighth Amendment's restrictions on use of force to maintain or

3

restore order in a prison environment is <u>Whitley v. Albers</u>, 475 U.S. 312 (1986). A corrections officer deliberately shot Gerald Albers in the left knee with a shotgun during an attempt to rescue a corrections officer who had been taken hostage. The Supreme Court assumed that the shooting was unnecessary and noted that Albers had not been involved in the riot or hostage taking; nevertheless, Albers' action in climbing a flight of stairs toward his cell (and the scene of the hostage taking) was "equivocal conduct" that the officer with the shotgun may have thought, even if incorrectly, constituted a threat to the hostage. 475 U.S. at 324-26. The Supreme Court quoted <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir.) <u>cert. denied</u>, 414 U.S. 1033 (1973) for the language establishing the Eighth Amendment standard for prison security measures used to maintain discipline or restore order: liability turns on whether force is applied in good faith or "maliciously and sadistically for the very purpose of causing harm." 475 U.S. at 320-21. The corrections officer accordingly bore no liability for Albers' serious injury.

Here, from my review of the video this is a situation governed by <u>Whitley v. Albers</u> and there is no evidence whatsoever of malice or sadism in Hale and Leverknight's attempt to secure Fennell. Even if I have drawn a wrong impression from the video and the action by Hale were completely "out of the blue" and gratuitous, applying the <u>Wilkins v. Gaddy</u> line of cases would not

4

permit the conclusion, even taking all the evidence in the light most favorable to Fennell, that any corrections officer could be described as using excessive force. The use of force by Hale was, as I described it earlier, most similar to a football blocking drill between two linemen. It would be exaggerating to call it a tackle. There are no punches or kicks, nor any other form of striking. Evaluating the evidence using the factors listed in Brooks v. Kyler, the incident can be summarized as: 1) the defendants perceived that a large inmate with convictions for violent behavior was out of restraints in an agitated state in a uncontrolled area; 2) the use of force appears to have been only directed toward the goal of securing Fennell in cuffs, and there was no use of force after that goal was reached; and 3) there was no injury to Fennell. Summary judgment should be entered for the defendants.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 9/9/13

_____
Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Robert Fennell GW-0392
    S.C.I. Smithfield
    P.O. Box 999
    Huntingdon, PA 16652