IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT FENNELL,
        Plaintiff,
    v.                                Case No. 3:12-cv-21-KRG-KAP
CORRECTIONS OFFICERS HALE and
LEVERKNIGHT,
        Defendants

### MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636, and Local Civil Rule 72 for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on June 28, 2013, docket no. 57, and a supplement on September 9, 2013, docket no. 63, recommending that the above-named defendants' motion for summary judgment, docket no. 35, be granted. The Magistrate Judge also filed previous Reports and Recommendations at docket no. 5 and docket no. 30 recommending that other defendants be dismissed from this matter.

In each case the parties were notified, pursuant to 28 U.S.C.§ 636(b)(1), that they had fourteen days to file written objections to the Report and Recommendation. Plaintiff filed timely objections, docket no. 58 and docket no. 65, to the Report and Recommendation at docket no. 57 that I have reviewed de novo. I have not reviewed the video of the incident giving rise to the claim of excessive use of force because the plaintiff's account, see docket no. 65 at 7, is not materially different from the defendants'.

The plaintiff objects that because his actions were by his account "in submission" to the defendant corrections officers' attempt to secure his loose restraint belt that he has established a genuine dispute about whether any use of force was unnecessary and therefore excessive. docket no. 65 at 7. This is incorrect. As the Supreme Court explained in <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986), even establishing that in retrospect the use of force by a corrections officer was "unnecessary in the strict sense" does not establish a constitutional violation. Showing a genuine issue of fact that prison officials arguably erred in judgment does not establish a genuine dispute of material fact. As the Supreme Court again explained in <u>Whitley v. Albers</u>, 475 U.S. at 323, showing an error in judgment in the use of force "falls far short of a showing that there was no plausible basis for the officials' belief that this degree of force was necessary." The material issue of fact pointed up by defendants' motion for summary judgment is whether there is any genuine dispute that the defendant officers' reasonably believed that their minor and controlled use of force to put plaintiff back in restraints was necessary, or simply acted to inflict unnecessary and wanton pain and suffering on plaintiff. About that question there is no genuine dispute at all.

After <u>de novo</u> review of the record, the Report and Recommendation at docket no. 57 and supplement at docket no. 63,

and the plaintiff's timely objections, the following order is entered:

AND NOW, this 25th day of September, 2013, it is ORDERED that defendants Hale and Leverknight's motion for summary judgment, docket no. 35, is granted. The Report and Recommendation at docket no. 57 as supplemented at docket no. 63 is adopted as the opinion of the Court. The recommendations at docket no. 5 and docket no. 30 are adopted in the absence of objection. The Clerk shall mark this matter closed.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice to counsel of record by ECF and by U.S. Mail to:

    Robert Fennell GW-0392
    S.C.I. Smithfield
    P.O. Box 999
    Huntingdon, PA 16652