IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT FENNELL,                           :
                    Plaintiff,            :
          v.                              :    Case No. 3:12-cv-21-KRG-KAP
CORRECTIONS OFFICERS HALE and             :
LEVERKNIGHT,                              :
                    Defendants            :

## Memorandum Report and Recommendation

Plaintiff Fennell has an appeal pending at ECF no. 115 from my Memorandum Order at ECF no. 114, denying his fifth motion for appointment of counsel, filed at ECF no. 113. With the Court of Appeals' affirmance of the dismissal of more than two-thirds of the plaintiff's case, see ECF no. 93, the matter has grown simpler, not more complex, since on September 4, 2014, Judge Shwartz denied plaintiff's motion for appellate counsel with the observation that plaintiff appears to be capable of presenting his arguments without the assistance of appointed counsel. Plaintiff is no less capable now, and *pro bono* trial counsel are at least as scarce a resource as appellate counsel.

That the plaintiff is capable of representing himself does not mean that plaintiff is either diligent or consistent. As for diligence, plaintiff is overdue in filing his pretrial statement. After more than four years of proceeding *pro se*, almost three years after representing that - *pro se* - he was ready for trial, see plaintiff's July 2013 objections to the recommendation

that summary judgment be granted, ECF no. 58 at 7 ("Plaintiff request[s] that this case go to a jury because he's ready,") approximately eleven months after - *pro se* - he demanded an immediate trial, ECF no. 98, and six months after plaintiff averred for the second time that - *pro se* - he was ready to try this case, ECF no. 104, plaintiff represents that unless counsel is appointed he cannot file a pretrial statement. I would recommend that the complaint be dismissed for failure to prosecute under the rubric established by <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir.1984).

But I need not discuss plaintiff's gamesmanship in attempting to hold his litigation hostage unless counsel is appointed, because examination of the record as remanded by the Court of Appeals makes it clear that there is nothing left to try. Under Fed.R.Civ.P. 56(f)(3), I recommend that summary judgment be granted in favor of both remaining defendants and against plaintiff. Rule 56(f) requires giving the parties a reasonable time to respond, and the parties are given the period for filing objections, which is presumptively reasonable.

Plaintiff made three claims in his complaint: 1) that he was assaulted in a dayroom; 2) that he was assaulted in a cell after being subdued in the dayroom; and 3) that he was denied

medical treatment. This court found that the videotape evidence from a surveillance camera left no genuine dispute that the first claim was meritless, and that plaintiff failed to exhaust his administrative grievances as to the second and third claims. The Court of Appeals affirmed the dismissal of the first and third claims, as well as the dismissal of all the John Doe defendants, and returned the second claim "for further proceedings" on the basis that plaintiff sufficiently exhausted his administrative remedies as the second alleged assaults by filing a grievance that stated "On 10-29-10 while at your Jail two c o Is assaulted me and others helped later I have nearve damage in both of my hands. I can write a little but it hurts very bad." A second grievance form stated "On Oct. 29, 2010 I was assaulted by several Correctional Officer's at Cambria County Jail..." The Court of Appeals' analysis is on pages 6-7 of its *per curiam* opinion, at ECF no. 93-1; the grievances themselves are at pages 5-6 of ECF no. 45. As examination of the original record shows, the author of the Court of Appeals' opinion incorrectly interpreted "two" corrections officers as "the" corrections officers, and did not note the "I" after plaintiff's use of c o for corrections officer. A C.O. I is a line officer, a C.O. II is sometimes referred to as a sergeant.

It is the law of the case that the "others helped later"

3

language sufficiently put the defendants on notice that plaintiff intended to allege a second assault. That episode is described in the complaint at ¶17 through ¶29. The allegations about this second assault that involve defendants Hale (named as Hall) and Leverknight are in two paragraphs of the Complaint, ¶20 ("Hall repeated his assault") and ¶23 ("...leverknight and Hall used force to remove all clothing for Plaintiff.") After plaintiff's cuffs were removed, plaintiff alleged, he felt an unknown person "rubbing his butt" ¶26, **before** his underwear was removed by John Doe #3, ¶27, and John Doe #4 twisted his left foot, ¶29 to get plaintiff to stop yelling while John Doe #3 removed plaintiff's shirt, ¶28.

The involuntary removal of a sentenced inmate's clothing, whoever allegedly did it, is not a sufficient basis for a civil rights claim. I did not analyze that claim on the merits at the earlier stage of the proceedings because, until corrected by the Court of Appeals, I believed that whatever plaintiff meant by the second episode, any claim based on it had not been exhausted. I did not analyze the sufficiency of a claim based on the allegation that someone rubbed plaintiff's butt before removing his underwear for the same reason.

After pretrial discovery and a motion for summary judgment, plaintiff had not identified any of the John Doe

4

defendants alleged to have taken part in the alleged assault on him or who it was that he felt "rubbing his butt," they were dismissed from this case, and their dismissal was affirmed on appeal. That left only corrections officers Leverknight and Hale as defendants. Now, in his appeal from my denial of his motion for appointment of counsel, plaintiff asserts for the first time that it was defendant Hale who "inserted his finger into Plaintiff's rectum." ECF no. 115 at 3. His theory of the case now appears to be that there was an "assault that escalated to sexual assault." Id.

The Court of Appeals' ruling that plaintiff exhausted a claim based on a second episode does not mean that plaintiff is free to turn that episode into anything he wishes. In the paperwork plaintiff submitted as part of the grievance procedure plaintiff alleged an undefined assault (or, per the circuit, two undefined assaults) that allegedly led to nerve damage in plaintiff's hand (or hands, depending on which stage of the grievance is consulted) but no other alleged harm, and certainly nothing consistent with digital penetration of his anus. In the complaint plaintiff filed in 2012, plaintiff alleged as to defendant Hale that Hale assaulted plaintiff in the dayroom and then "Hall [sic] repeated his assault" in a cell. That can only be taken to mean that Hale's alleged actions in the second episode

in the cell were like Hale's alleged actions in the dayroom, and up until 2016 plaintiff was consistent in claiming that Hale kicked and punched him for no reason. Plaintiff also alleged in the complaint that Hale, along with the Doe defendants, Leverknight, and the nonexistent Cashoff, removed plaintiff's clothing.

The plaintiff's November 2010 grievance about an undifferentiated assault that had a "later" component, then became in February 2012 a claim in the complaint that there was a second episode during which some unknown person "rubb[ed] his butt" **before** plaintiff's underwear was removed, took another major change of direction in September 2012, when plaintiff submitted an affidavit in opposition to summary judgment, ECF no. 32-2, claiming at page 4 that:

I felt hands on my butt "At first I thought it was a pat down but then the person "that I could not see" pulled my pants down and place "I believe a finger in my butt" and stated "There is nothing in there Lt" then when they tried to pull my pants off I yelled "What are you'll doing to me" and someone twisted my ankle over and over... (punctuation as in original).

By plaintiff's own account, however, this episode took place in a cell with two John Doe officers after a John Doe lieutenant had directed Hale to stand aside and after the two John Doe corrections officers had placed plaintiff "very gently" on the floor. Id. By plaintiff's own account, the John Doe officer was apparently

announcing a body cavity search, and although plaintiff asserts "That's when I believed that they was going to rap[e] me so I started yelling for help," id., plaintiff's belief does not create a genuine issue of fact about the now-dismissed John Doe defendant's intent. What it does is completely contradict any claim that Hale (or Leverknight) followed plaintiff into the cell and "repeated" his assault.

Plaintiff cannot solemnly proffer an affidavit against John Doe defendants in 2013 that removes Hale from the scene, and in 2016, when no John Does remain as defendants, ignore that affidavit and assert (after five plus years of nescience) that plaintiff is now sure that it was Hale who, having been ordered to stand aside with a stern reprimand from a John Doe lieutenant, nevertheless came unremarked into the cell at this point and put a finger in plaintiff's anus through plaintiff's now removed underwear to perpetrate a sexual assault that plaintiff could not sufficiently recall to mention in his grievance paperwork. I am mindful of the obligation to credit all of the evidence that favors the resolution of claims at trial but that does not imply a duty "to prune a witness's testimony so as to create a triable issue when the witness flatly contradicts himself in other parts of his testimony." Prosser v. Ross, 70 F.3d 1005, 1009 (8th Cir.1995).

7

There is no plausible explanation for the evolution in plaintiff's account from his 2010 grievance, to his 2012 complaint, to his 2013 affidavit when it was in his interests in opposing summary judgment to cast blame on the John Doe defendants, to his current position, other than that plaintiff is tailoring his story to blame the only two remaining defendants. The alleged factual issue in dispute "can be perceived as a 'sham'." See Baer v. Chase, 392 F.3d 609, 624 (3d Cir.2004). Summary judgment should be entered in favor of the remaining two defendants because by plaintiff's own affidavit there is no genuine issue of material fact that would implicate either Hale or Leverknight in a second episode in a cell, much less an assault, sexual or otherwise.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 14 June 2016

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Robert Fennell GW-0392
S.C.I. Smithfield
P.O. Box 999
Huntingdon, PA 16652